CAMPBELL, Acting Chief Judge.
The State challenges the trial court order granting appellee’s motion to suppress. We reverse.
*311 Following a traffic stop and subsequent felony arrest for a prior charge of witness tampering, which appellee concedes was proper, law enforcement asked appellee for permission to search his vehicle. When appellee refused, one of the officers observed through a partially opened window a package of rolling papers in the center console and noted, along with another officer, the smell of burnt marijuana coming from the vehicle. A subsequent search of the vehicle revealed crack cocaine, marijuana, and rolling papers.
Appellee moved to suppress the items seized arguing, in part, that the search of his vehicle was invalid because he refused consent and the officers lacked probable cause to justify the search. After a hearing on the motion, the trial court found that the officers’ testimony regarding the odor of marijuana coming from the vehicle was not credible and that without this evidence there was no probable cause to search given appellee’s refusal to consent. We disagree.
An officer may search the passenger compartment of a vehicle and examine the contents of any container therein following the lawful custodial arrest of a defendant. Consent is not needed. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In the instant case, appellee does not dispute that the initial stop of his vehicle and his arrest for witness tampering was proper. The search of his vehicle incident to that arrest was therefore proper, and his consent was not necessary to validate the search.
Reversed and remanded.
PATTERSON and NORTHCUTT, JJ., Concur.